IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITIBANK N.A.,

    Plaintiff,

  v.

DEBORAH A. MATTHEWS,

    Defendant.

No. C 12-03031 WHA

**ORDER GRANTING MOTION TO REMAND**

## INTRODUCTION

Pro se defendant Deborah Matthews removed this unlawful detainer action from Alameda County Superior Court. Magistrate Judge Maria-Elena James issued a report and recommendation on July 18, 2012, recommending the action be remanded for lack of subject-matter jurisdiction. Plaintiff Citibank filed a motion to remand on July 23. Defendant failed to timely respond and was ordered to show cause why the action should not be remanded. Defendant filed a response to the order to show cause contending that jurisdiction was proper. Having considered the parties' submissions and the Magistrate Judge's report and recommendation, the action is hereby **REMANDED** to state court.

## ANALYSIS

Defendant Citibank filed this unlawful detainer action against Deborah Matthews in Alameda County Superior Court. According to the complaint, plaintiff acquired the subject property, a residence located in Alameda, California, through a foreclosure trustee's sale.

Unlike state courts, federal courts are courts of limited jurisdiction. Federal courts have subject-matter jurisdiction only over cases or controversies that the United States Constitution

and Congress authorize them to adjudicate.  A defendant may remove a civil action from state court to federal court based on either federal question or diversity jurisdiction.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "[T]he existence of a defense based upon federal law is insufficient to support [federal] jurisdiction." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (citation omitted).  The removing party has the burden of establishing that federal jurisdiction exists, and courts strictly construe the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Defendant asserts that removal is proper based on diversity jurisdiction and because plaintiff has violated her constitutional rights.  Plaintiff's complaint alleges one cause of action for unlawful detainer under California law.  Resolving plaintiff's claim does not depend on resolution of any substantial issues of federal law.  Moreover, defendant's attempt to raise a federal defense does not create original federal jurisdiction for removal purposes.

Similarly, there is no diversity jurisdiction over this action.  Defendant claims to be a resident of the property in issue and thus appears to be a California citizen.  As a citizen of the forum state, defendant cannot remove to federal court under diversity jurisdiction.  Even assuming that plaintiff is a citizen of another state, mere diversity of the parties is not sufficient where the amount in controversy does not exceed $75,000.  28 U.S.C. 1332(a).  Here, plaintiff's complaint expressly states that the damages claimed is less than $10,000.  Therefore, federal diversity jurisdiction is lacking.

Because the Court finds that it lacks federal subject-matter jurisdiction, it hereby **REMANDS** this action to the Superior Court of Alameda County.  Plaintiff's motion for attorney's fees is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 17, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2